IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KARL LINARD MALLOY,

        Appellant,

v.                                                                                                                    Civil Action No. 3:24CV477 (RCY)

KRISTIN E. SCHELIN, *et al.*,

        Appellees.

### **MEMORANDUM OPINION**

Karl Linard Malloy ("Appellant") appeals the United States Bankruptcy Court's denial of his Emergency Motion for Protective Order. In short, Appellant challenges the Bankruptcy Court's decision, in denying his Motion, not to prohibit Appellees from "from attempting to enter, docket, record, and/or index any final judgment as a lien upon title to any property of [Appellant's] estate." Appellant's Br. 2, ECF No. 4. Appellant generally argues that permitting them to do so would violate the automatic stay imposed by Section 362 of the Bankruptcy Code, *id.*, and that such action (with respect to any final judgment) would be "contrary to the direction of the Bankruptcy Court in the Remand Order," *id.* at 10. For the reasons set forth below, the Court finds that the Bankruptcy Court's Order denying Appellant's Emergency Motion was not a final order, and so the Court lacks jurisdiction to take up the appeal. In the alternative, the Court finds that, even if the Order did constitute a final order, the underlying Motion has been rendered moot, and on that ground as well, the appeal should be dismissed.

### **I. BACKGROUND**

This appeal arises out of the Appellant-Debtor's Chapter 13 bankruptcy case in this District. *In re: Karl Linard Malloy*, Case No. 23-33442-KRH (Bankr. E.D. Va. Oct. 5, 2023).

During the course of the bankruptcy proceeding, the Appellant removed an ongoing state court suit (the "State Court Litigation") to the Bankruptcy Court. Appellant's Br. 4; Adv. Proc. No. 23-03043. In the State Court Litigation, Appellees (there, Plaintiffs) sought specific performance, damages, and other relief as a result of the termination of a sale agreement between Appellant and Appellees, whereby Appellees had agreed to purchase and Appellant had agreed to sell Appellant's primary residence. Appellant's Br. at 3–4. On December 20, 2023, the Bankruptcy Court entered an order remanding the State Court Litigation to the Powhatan County Circuit Court (the "Remand Order"). R. Part 15 at 45,[1] ECF No. 3-15.

Relevant here, the Remand Order directed

> that the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to permit the Plaintiffs to continue the State Court Litigation to a final judgement, provided, however, that the Plaintiffs must seek further relief from this Court prior to execution of any judgment rendered by the State Court.

*Id.* Pursuant to this Remand Order, the State Court Litigation resumed, and on May 20–21, 2024, the State Court conducted a trial. *See* Order Denying Emergency Mot. for Prot. Order ("Order Denying Mot."), R. Part 4 at 141–42, ECF No. 3-4; June 12, 2024 Bankr. Hrg. Tr. 2:7–10, R. Part 4 at 145, ECF No. 3-4. Thereafter, on or about May 31, 2024, Appellees filed a "final judgment draft order" in the state court that states, in part, "[u]pon entry of this Final Judgment by the Court, and the Plaintiffs' payment of the required Clerk's fees and costs to record, the Clerk shall docket, record, and index this Final Judgment as a lien upon title to [Appellant's primary residence] pursuant to Va. Code § 8.01-458." Emergency Mot. for Prot. Order ("Emergency Mot.") ¶¶ 4–6, R. Part 4 at 110, ECF No. 3-4.

---

[1] The Record designated by Appellant and received in this case is neither cohesively Bates-stamped nor organized in a discernable fashion; the Court does its best to cite to components of the same in the clearest manner possible.

Appellant argued before the Bankruptcy Court, as he does here, that "[a]ny attempt . . . to record a final judgment as a lien against any property of [his] estate is a direct violation of the automatic stay" triggered by his filing for Chapter 13 bankruptcy. *Id*. ¶¶ 8–12. Appellant further argued that such action would similarly be "contrary to the direction of [the Bankruptcy Court] in the Remand Order." *Id.* ¶ 22. Accordingly, Appellant sought a protective order from the Bankruptcy Court prohibiting either Appellees or the Powhatan County Circuit Court from docketing, recording, and/or indexing any final judgment as a lien upon title to [Appellant's property]." *Id*. ¶ 23.

As elucidated at a June 12, 2024, hearing on Appellant's Emergency Motion, Appellant sought preemptive relief from a *proposed* judgment order submitted by Appellees—despite the state court having rendered verdict for Appellees following trial in the State Court Litigation, no actual judgment (the natural byproduct of a verdict) had yet been entered. June 12, 2024 Bankr. Hrg. Tr. 7:15–17:13, R. Part 4 at 150–60. Appellant rested his arguments on his own interpretation of the Bankruptcy Court's Remand Order, specifically with respect to the modification of the automatic stay contained therein. *Id*. at 10:2–13:13; 19:12–14. At the conclusion of the hearing, the Bankruptcy Court denied the Emergency Motion. *Id.* at 19:15–21:17.

On June 14, 2024, the Bankruptcy Court issued its Order Denying Emergency Motion for Protective Order, formally articulating the basis for its ruling. Order Denying Mot., R. Part 4 at 141, ECF No. 3-4. Citing the United States Supreme Court, the Bankruptcy Court emphasized that it "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Id.* at 2, R. Part 4 at 142 (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). The Bankruptcy Court articulated that,

> [i]n the Remand Order, [the Bankruptcy] Court granted [Appellees] relief from the automatic stay imposed by section 362 of the Bankruptcy Code to continue the

> State Court Litigation to a final judgment. That necessarily includes the entry and docketing of a final judgment. The Court reiterates that the [Appellees] must seek further relief in [the Bankruptcy] Court before taking any action to enforce a final judgment entered by the State Court.

*Id*.

This appeal followed.

## II. DISCUSSION

Appellant argues that "the Bankruptcy Court abused its discretion, made errors of fact, and/or made errors of law" in denying Appellant's Emergency Motion for Protective Order. Appellant's Br. 1. Specifically, Appellant argues that the Bankruptcy Court should not have denied his request for a protective order, given that (1) the underpinning Remand Order was deficient because the Bankruptcy Court did not articulate a statutory basis for its modification of the automatic bankruptcy stay; (2) permitting a lien to attach to his property is improper to the extent that it "impairs" his interest in otherwise exempt property, for purposes of the bankruptcy proceedings, and otherwise is prejudicial to him, and (3) even if remand were proper, the Bankruptcy Court did not properly "divest itself of jurisdiction" upon issuance of the Remand Order because, according to Plaintiff, the Clerk of the Bankruptcy Court has not mailed a certified copy of the Remand Order to the Clerk of the Powhatan County Circuit Court, and thus the subsequent trial and verdict are a "nullity." *Id.* at 10–15. Appellees, in turn, argue that the issues in this appeal are "repetitive of issues pending in" other appeals from the underlying bankruptcy case and its related Adversary Proceeding,[2] and as such the appeal constitutes an "unnecessary

---

[2] Appellees specifically reference Case Nos. 3:24-cv-00002-MHL, 3:24cv00058-MHL; 3:24-cv-00059-DJN; 3:24-cv-00170-MHL; 3:24-cv-00171-RCY; and 3:24-cv-00200-RCY (collectively, the "District Court Appeals"), and Case Nos. 24-1201, 24-1451 and 24-1664 (collectively, the "Fourth Circuit Appeals").

Of the District Court Appeals, since the time of briefing, Case No. 3:24-cv-00002 was affirmed in early part by way of Fourth Circuit Appeal No. 24-1451 and is otherwise pending appeal in Case No. 24-2771. District Court Appeal No. 3:24-cv-00058 was affirmed by way of Fourth Circuit Case No. 24-1201; District Court Appeal Nos. 3:24-

waste of judicial and party resources." Appellee Br. 2, ECF No. 5. Appellees otherwise incorporate their positions articulated in those other pending appeals. *Id.* at 3.

As a preliminary matter, the Court is not persuaded that the Bankruptcy Court's denial of Appellant's Emergency Moton for a Protective Order is a final order or an appealable interlocutory or collateral order. As such, the Court will dismiss the appeal for lack of jurisdiction. But even if the Bankruptcy Court's Order Denying the Emergency Motion does constitute an appealable order, the Court finds that the issues presented therein are moot, and for that reason as well, the appeal must be dismissed.

**A. Improper Interlocutory Appeal**

Title 28 of the United States Code, section 158 establishes that district courts "have jurisdiction to hear appeals [–] (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges . . . ." 28 U.S.C. § 158(a). The second and third avenues of appeal are not available to Appellant here, as the Bankruptcy Court's Order Denying Emergency Motion for Protective Order was not issued pursuant to 11 U.S.C. § 1121(d), and neither did Appellant receive leave of court to appeal. Accordingly, this appeal is only proper if it constitutes an appeal from a final judgment, order, or decree—which it does not.

"[T]o be appealable, the challenged bankruptcy decision does not have to end the entire bankruptcy case; it just has to end a proceeding inside the case." *Kiviti v. Bhatt*, 80 F.4th 520, 529 (4th Cir. 2023). The Fourth Circuit Court of Appeals helpfully articulated the following, for purposes of determining whether a bankruptcy decision involves the end of a discrete proceeding:

> As the Supreme Court has explained, a "bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but

---

cv-00059, 3:24-cv-00170, and 3:24-cv-00171 are all pending appeal (Fourth Circuit Appeal Nos. 25-1067, 24-2272, and 24-1664, respectively), and 3:24-cv-00200 is still pending before the District Court.

> for the bankrupt status of the debtor." Accordingly, "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case."
>
> For example, an adversary proceeding is a separate "proceeding" for purposes of bankruptcy finality. An adversary proceeding resembles a "standalone lawsuit[] brought inside the bankruptcy," with its "own complaint, filing fee, motions, subset of parties, docket number[], and judgment." The relevant procedural unit is the entire adversary proceeding, not one of the many decisions made within it; "an order only partially ending the adversary proceeding is not [final and appealable]." Similarly, an order denying Chapter 13 plan confirmation is not immediately appealable because the relevant proceeding in that context is the "entire process" of "attempting to arrive at an approved plan that would allow the bankruptcy to move forward." That process "terminates only when a plan is confirmed or—if the debtor fails to offer any confirmable plan—when the case is dismissed." And as a final example, adjudication of a creditor's motion for relief from the automatic stay is "a discrete procedural unit" within the bankruptcy case that is "anterior to, and separate from, claim-resolution proceedings" and "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief."

*Blair v. Bestwall, LLC (In re Bestwall, LLC)*, 99 F.4th 679, 685 (4th Cir. 2024) (alterations in original) (internal citations omitted). In *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, the Supreme Court similarly explained that if a Bankruptcy Court decision does "not conclusively resolve the relevant 'proceeding,'" it is not a final order for purposes of § 158(a). 589 U.S. 35, 41 (2020). The Court elaborated that, where a decision does not alter the status quo and "leaves the 'parties' rights and obligations . . . unsettled,'" it "cannot be typed 'final.'" *Id*. at 42 (omission in original) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 476, 502–03 (2015)).

In this case, the Bankruptcy Court already resolved a motion for relief from automatic stay, *see* Remand Order, R. Part 15 at 45, ECF No. 3-15, and the decision on appeal did not resolve an adversary proceeding. The issue underpinning the appeal is not a controversy that might exist as a standalone litigation, absent the bankruptcy proceedings. And though couched as an Emergency Motion for Protective Order, the Appellant's motion giving rise to the present appeal is more akin to a motion for reconsideration of the Remand Order, given that it seeks to upset the status quo established by that Order: it asks that the Bankruptcy Court—and now this Court—essentially

reimpose the automatic bankruptcy stay in between Appellees' receipt of a favorable verdict from the Powhatan County Circuit Court and that court's docketing of the resulting final judgment, simply because the verdict, and now the anticipated final judgment, are not in Appellant's favor. This the Court will not do.

The Order Denying Emergency Motion for Protective Order did not "terminate[] a procedural unit separate from the remaining [bankruptcy] case." *Id.* Neither did it upset the status quo, insofar as the Bankruptcy Court had, in its Remand Order, authorized "Plaintiffs to continue the State Court Litigation *to a final judgement*," Remand Order, R. Part 15 at 45, ECF No. 3-15 (emphasis added), and the Order Denying Emergency Motion for Protective Order affirmed that this language from the Remand Order intrinsically authorizes the docketing and entry of such a final judgment, once obtained, *see* Order Denying Mot., R. Part 4 at 142, ECF No. 3-4. Instead, it "le[ft] the 'parties' rights and obligations . . . unsettled," awaiting (1) the docketing of whatever final judgment were actually to be entered in state court (given that the filing that triggered Appellant's Emergency Motion was that of merely a *proposed* final judgment order in the state court), and (2) any effort by Appellees to take any action to *enforce* said final judgment, which the terms of the Remand Order prohibited them from doing without further action by the Bankruptcy Court.

The Bankruptcy Court's Order Denying Emergency Motion for Protective Order "did not 'finally dispose of [a] discrete dispute[]' within the bankruptcy case. *Blair*, 99 F.4th at 686 (quoting *Ritzen Grp.*, 589 U.S. at 39). Instead, it merely effects "a step toward gathering the information necessary to" assessing liabilities in Appellant's Chapter 13 proceedings, insofar as it preserves the status quo established by the Remand Order, which in turn laid the groundwork for the state court to resolve the State Court Litigation's question of Appellant's liability to Appellees.

7

As such, the Court finds that the Order did not constitute a final decision in a bankruptcy "case" or "proceeding" and instead is interlocutory. Thus, it may not be appealed as of right, and the Court must dismiss the appeal for lack of jurisdiction. *Blair*, 99 F.4th at 687.

## B. Mootness

"[C]onstitutional mootness arises from Article III's 'case or controversy' requirement and dictates that federal courts refrain from rendering judgments in expired disputes that would amount to mere advisory opinions." *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (citing *In re McLean Square Assocs.*, 200 B.R. 128, 131 (E.D. Va. 1996) and *Hall v. Beals*, 396 U.S. 45, 48 (1969)). "Put differently, an appeal is moot when an 'affirmance would ostensibly require something to be done which had already taken place,' and a 'reversal would ostensibly avoid an event which had passed beyond recall. *Id*. (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923). "Thus, the essence of constitutional mootness lies in the court's jurisdiction or power to provide effective relief . . . . [I]f it is impossible to provide the requested relief, then the case should be dismissed as moot at the threshold." *Id*.

Here, the State Court has already docketed its Final Judgment.[3] Notably, the Final Judgment included the following: "The Court's rulings herein are subject to the conditions and requirements of the [Remand Order] dated December 19, 2023 entered in the Bankruptcy Proceedings and the continuing jurisdiction of the Bankruptcy Court in the Bankruptcy Proceedings." *See* Final Judgment - Circuit Court of Powhatan County, *Malloy v. Schelin*, Case No. 3:24-CV-890 (E.D. Va. Dec. 16, 2024), ECF Nos. 9-10, 13-52 (appearing twice in Appellant's

---

[3] The Court takes judicial notice of the current state court docket in *Schelin v. Malloy*, Case No. CL22000242-00 (Powhatan Cnty. Cir. Ct. 2022), *available at* https://eapps.courts.state.va.us/CJISWeb/circuit.jsp, which shows that after Appellees filed their Draft Final Judgment (appearing on the docket on June 5, 2024), Appellees filed another Draft Final Judgment Order on or about August 29, 2024. It was not until October 20, 2024, that the Powhatan County Circuit Court entered its actual Final Judgment. *See, e.g.*, *Lolavar v. de Santibanes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state-court records not included in the record on appeal).

record designation).[4]  Moreover, Appellees have appealed the Final Judgment, and the matter has progressed into the Virginia state appellate system.  *See* Docket, *Schelin v. Malloy*, Case No. CL22000242-00 (Powhatan Cnty. Cir. Ct. 2022), *available through* https://eapps.courts.state.va.us/CJISWeb/circuit.jsp.  Thus, reversal of the Bankruptcy Court's Order Denying Emergency Motion for Protective Order would have no practical effect, rendering Mr. Malloy's appeal constitutionally moot.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that the Bankruptcy Court's Order Denying Emergency Motion for Protective Order did not constitute a final order or an appealable interlocutory or collateral order, and therefore the Court must dismiss this interlocutory appeal for lack of jurisdiction.  The Court further finds that, even if the appeal is not interlocutory, the issues presented therein are constitutionally moot, and on that basis as well, the Court must dismiss the appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  February 6, 2025
Richmond, Virginia

---

[4] A court may take judicial notice of filings in other cases.  *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").  Courts commonly notice a *pro se* plaintiff's other cases.  *See, e.g.*, *Altizer v. Deeds*, 191 F.3d 540, 542 (4th Cir. 1999).